# In the United States Court of Federal Claims

No. 22-404 C
(Filed: July 26, 2022)

```
* * * * * * * * * * * * * * * * * *  *
                                      *
TRACE SYSTEMS INC.,                   *
                                      *
                Plaintiff,            *
                                      *
        v.                            *
                                      *
THE UNITED STATES,                    *
                                      *
                Defendant,            *
                                      *
and                                   *
                                      *
GENERAL DYNAMICS                      *
INFORMATION TECHNOLOGY, INC.,         *
                                      *
                Defendant-Intervenor. *
                                      *
* * * * * * * * * * * * * * * * * *  *
```

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

Before the Court is the government's Motion for Voluntary Remand. *See* ECF No. 67 ("Def.'s Mot. Voluntary Remand"). The government requests a remand to the Defense Information Systems Agency ("DISA" or "agency") to consider, *inter alia*, "the decisions at issue in this protest," including "the decision to cancel the CTSS IV procurement, and for any administrative actions consistent with that reconsideration." *Id.* at 1, 6. Although Defendant-Intervenor, General Dynamics Information Technology ("GDIT") does not oppose the motion, *id.* at 1, Plaintiff opposes the motion because, in its view, the government has not articulated a substantial and legitimate concern justifying remand. *See* ECF No. 71 at 10–21 ("Pl.'s Opp'n Def.'s Mot. Voluntary Remand"). For the reasons explained below, the Court grants the government's motion to remand with instructions.

### BACKGROUND

A chronicle of the prior (and relatively extensive for a bid protest) filings and proceedings in this case is contained in the Court's most recent memorandum opinion and order. *See Trace Systems Inc. v. United States*, No. 22-404, 2022 WL 2761051 (Fed. Cl. July 14, 2022).

To summarize, Plaintiff filed a bid protest in this Court on April 7, 2022, challenging the government's decision to cancel a solicitation for a communications technical support services ("CTSS") contract and, as a result of that cancellation, the government's decision to cancel an indefinite delivery, indefinite quantity task order awarded to Plaintiff and to award a sole source bridge contract to Defendant-Intervenor.  *See generally* ECF No. 1.  Since then, the government has filed the administrative record twice, ECF Nos. 39–42, 55, along with a motion to correct the administrative record that the Court granted, ECF Nos. 61–62, and Plaintiff has filed a motion to compel and for leave to conduct discovery, ECF Nos. 45–46, along with two amended complaints, ECF Nos. 26, 75.  The Court held oral argument on Plaintiff's motion to compel on June 16, 2022.  ECF No. 59.  Following oral argument, on June 27, 2022, the Court ordered that

> on or before **July 8, 2022,** the government (1) shall re-examine its materials related to the decisions challenged in this protest to ensure that all materials that were developed and considered by the agency in making the challenged decisions are included in the administrative record; and (2) shall either **FILE** a complete administrative record with the Court, along with a certification that the record is now complete, *or* **CERTIFY** to the Court that the already-filed record is the complete record consistent with this memorandum opinion and order and the cases cited herein.  The government **SHALL ALSO** review the administrative record for completeness in light of the motion for leave to amend the complaint that was granted today by separate order.  *See* ECF No. 65.

*Trace Systems Inc. v. United States*, No. 22-404, 2022 WL 2761051, at *4 (Fed. Cl. July 14, 2022).

Three days later, the government filed the instant motion in response to that order, requesting that the Court:

> (1) grant this motion for a voluntary remand pursuant to RCFC 52.2; (2) remand this matter to DISA for consideration of the decision to cancel the CTSS IV procurement, and for any administrative actions consistent with that reconsideration; (3) authorize, but not require, DISA to consider any further information that the agency may gather during the remand in accordance with any procedures that the agency may establish for that purpose; (4) establish the initial duration of the remand for 32 days from the date of this filing (to and including August 1, 2022), which may be extended upon request if necessary; (5) stay further proceedings in this action pending the completion of the remand; and (6) order the parties to file a joint status report within seven days following the conclusion of the remand proceeding that sets forth the parties' positions regarding whether further litigation is necessary and, if so, proposed dates for defendant to file the administrative record associated with the remand proceedings and for further briefing.

Def.'s Mot. Voluntary Remand at 6–7.  The government also observes that, despite the atypical duration of this protest, without this remand the likely result of continuation of this protest "will be to send the matter back to the agency to reconsider these same actions." *Id*. at 5–6 (citing

*Trace Systems Inc.*, 2022 WL 2761051).  The government in its reply brief further urges that Plaintiff provides an important reason to remand in its second amended complaint: the potentially improper role that Mr. Steven Dawson played in this procurement.  ECF No. 73 at 5–6 ("Def.'s Reply") ("The second amended complaint also alleged that Mr. Dawson's role in the procurement was improper, an allegation that the contracting officer has not investigated, but should be given the opportunity to do so. The remand will permit such an investigation.").

Plaintiff opposes remand to DISA, arguing that the government fails to meet the test set forth in *SKF USA Inc. v. United States*, 254 F.3d 1022 (Fed. Cir. 2001), because the government fails to provide a "compelling justification for its request to remand this protest."  Pl.'s Opp'n Def.'s Mot. Voluntary Remand at 11 (citing *Owens & Minor Distrib., Inc. v. United States*, 154 Fed. Cl. 349 (2021)).  In support of its argument, Plaintiff asserts that, rather than having a substantial and legitimate concern, the government, based on the Court's July 14th memorandum opinion and order, simply does not believe it will prevail in this protest with the current administrative record and is seeking a "do-over."  *Id*. at 12.  Plaintiff also contends that the remand requested is "nearly identical to the Corrective Action taken by the Government months ago in this protest."  *Id.*  Additionally, Plaintiff argues that the need for finality vastly outweighs any other justification to remand.  *Id.* at 13–15.  Finally, Plaintiff states that the government's motion for remand is overly broad and vague and, thus, is improper because the "[c]ase law demonstrates unquestionably that the scope of remands should be limited."  *Id.* at 19.

## DISCUSSION

### A. Legal Standard

Rule 52.2 of the Rules of the United States Court of Federal Claims ("RCFC") allows the Court to order remand "of appropriate matters to an administrative or executive body or official."  RCFC 52.2(a).  The Court may order remand of an appropriate matter pursuant to a motion or *sua sponte*.  *Id*.  Remand is generally advised when the agency's concern is "substantial and legitimate." *SKF USA Inc.* 254 F.3d at 1029.  An agency might request a remand without admitting error because it has "doubts about the correctness of its decision or that decision's relationship to the agency's other policies." *Id*.  In such a case, the Court has discretion in deciding if remand is appropriate. *Id*.  The Court should deny remand if it is frivolous or requested in bad faith.  *See Miss. River Transmission Corp. v. Fed. Energy Regul. Comm'n*, 969 F.2d 1215, 1217 n.2 (D.C. Cir. 1982).  However, the true inquiry in deciding a motion to remand is if "the agency intends to take further action with respect to the *original agency decision on review*."  *Limnia, Inc. v. United States Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017).  An agency need not "confess error or impropriety in order to obtain a voluntary remand.  But the agency ordinarily does at least need to profess intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge."  *Id.* at 387; *see also Keltner v. United States*, 148 Fed. Cl. 552, 563 (2020) ("The case law thus makes clear that where an agency requests a remand without confessing error, the agency must express some intent to reconsider the original agency decision that is the subject of the legal challenge, after which the court has discretion to grant or deny the motion.").  Thus, despite the tendency among courts to grant motions for remand, remand is not appropriate in all circumstances and the Court should only grant such a motion after serious consideration.  *See Rahman v. United States*, 149 Fed. Cl.

685, 690 (2020) (stating that motions for voluntary remand "should be treated as with any other motion affecting the substantial rights of the plaintiff, by subjecting the government's position to careful analysis to ensure that the motion is properly supported and justified" and that the judge considering them should engage with the record). Finally, the opposing party's consent is not necessary to remand a case. *See id.* (granting a contested motion to remand).

### B. The Government Articulates a Substantial and Legitimate Concern Justifying Remand

In *SKF USA Inc. v. United States*, the Federal Circuit reasoned that, in cases in which an agency seeks a remand "to reconsider its previous position" without admitting error, "if the agency's concern is substantial and legitimate, a remand is usually appropriate." 254 F.3d at 1029. Such reconsideration of an agency position could include instances in which the agency wishes "to consider further the governing statute, or the procedures that were followed," or the agency "might simply state that it had doubts about the correctness of its decision or that decision's relationship to the agency's other policies." *Id.* Recently, multiple judges on this Court, including the undersigned, have utilized the test for substantial and legitimate concern articulated in *Ad Hoc Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d 1377 (Ct. Int'l Trade 2013). *See, e.g.*, *Lyon v. United States*, No. 20-755, 2022 WL 2294191 (Fed. Cl. June 22, 2022); *Owens & Minor Distrib., Inc.*, 154 Fed. Cl. 349. The test deduced from that opinion is that "[a]n agency's concerns are substantial and legitimate where (1) the agency provides a compelling justification for its remand request; (2) the need for finality does not outweigh the justification for voluntary remand presented by the agency; and (3) the scope of the agency's remand request is appropriate." *See Keltner*, 148 Fed. Cl. at 564 (citing *Ad Hoc Shrimp Trade Action Comm.*, 882 F. Supp. 2d at 1381) (internal quotations omitted).

Regarding the compelling justification for remand, the government asserts that "the agency wishes to reconsider its decision to cancel the CTSS IV procurement" and that "[i]t intends in particular to reconsider the best path forward for the CTSS IV procurement, and whether the CTSS IV solicitation serves the current needs and requirements of the Air Force." Def.'s Mot. Voluntary Remand at 4. As an initial matter, "a voluntary remand request made in response to a party's APA challenge may be granted only when the agency intends to take further action with respect to the *original agency decision on review*." *Limnia*, 857 F.3d at 386. That is exactly what the agency states it will do here. The agency also expressed that it will reconsider its handling of the CTSS IV procurement from solicitation to award of the sole source contract to Defendant-Intervenor, *see* Def.'s Mot. Voluntary Remand at 4–5, which is entirely proper to do in this case, *see also Limnia*, 857 F.3d at 387; *Keltner*, 148 Fed. Cl. at 563 ("The case law thus makes clear that where an agency requests a remand without confessing error, the agency must express some intent to reconsider the original agency decision that is the subject of the legal challenge, after which the court has discretion to grant or deny the motion."). It appears that the agency genuinely desires to reconsider its position or correct any errors made, and it is undoubtedly in the best position to do so. *See Hirsch v. United States*, No. 19-236C, 2019 WL 4316880, at *2 (Fed. Cl. Sept. 12, 2019) ("A remand allows an agency the chance to correct its own errors." (citing *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993))); *Philippeaux v. United States*, No. 21-1466, 2021 WL 4059100, at *4 (Fed. Cir. Sept. 7, 2021) (finding it was not an abuse of discretion to remand to the relevant agency when the agency was "in the best

4

position to review new evidence" and correct any errors).  Moreover, the Court does not see any conduct that would indicate bad faith or frivolity on the government's part, and Plaintiff has not clearly alluded to any.  *See SKF USA*, 254 F.3d at 1029 ("A remand may be refused if the agency's request is frivolous or in bad faith.").

Furthermore, the case at bar is distinct from the factual situation presented in *Keltner v. United States* because there the government requested remand for the agency to "*expound* upon its rationale for denying plaintiff's request."  148 Fed. Cl. at 563 (emphasis added) (internal quotations omitted).  Judge Solomson, in denying the motion to remand in *Keltner*, noted that "[t]he government has not pointed to any case—and this Court has found none—in which a court has granted a motion for voluntary remand when the government's primary goal on remand is to write a better decision for a predetermined outcome."  *Id*. at 565 (citation omitted).  While Plaintiff may perceive this remand as a chance for the government simply to paper over its mistakes, the Court takes the government at its word that the agency will truly reconsider, as it is required to, its decisions.  If for any reason that should not occur, Plaintiff may seek judicial intervention.  But the Court sees this remand as an opportunity for the agency to reevaluate this procurement more fulsomely and after intervening events, namely, Plaintiff's discovery of former GDIT employee Steve Dawson's involvement in this procurement.  *See* 2d Amend. Compl. ¶¶ 75–83.  The Court agrees with the government that the potential impact of Plaintiff's allegations of impropriety in this procurement by Mr. Dawson could prove material, and his role could alter the agency's decision-making upon reconsideration.  *See* Def.'s Mot. Voluntary Remand at 4.  Therefore, the Court finds there is a compelling justification for the government's remand request.

The Court disagrees with Plaintiff that, despite the atypical duration of this protest, the need for finality does not outweigh the proffered justification.  Plaintiff asserts that, after weeks of delays, the protest should proceed to cross-motions for judgment on the current administrative record and that the government should have to defend the agency's decisions on this record.  *See* Pl.'s Opp'n Def.'s Mot. Voluntary Remand at 22.  However, in addition to the reasons for the remand outlined above, the Court does not see the utility in Plaintiff's suggested approach at this point.  In considering whether to grant remand or proceed to the merits, as Plaintiff suggests, the Court must also consider the efficacy of a remand versus the ultimate result of a potential ruling in favor of Plaintiff on the merits based on the current administrative record.  *See Rahman*, 149 Fed. Cl. at 690 ("[E]ven if the Court were to agree with the plaintiff and find him entitled to relief, the determination of the parameters of that relief would require a remand to the [agency] to consider these arguments in the first instance.  In such a case, a remand at this stage might produce a quicker ultimate decision on the merits, making a remand now a more efficient means of resolving the plaintiff's claim promptly.").  In other words, the Court agrees with the government's assertion that, even if this case was to proceed at this juncture to cross-motions for judgment on the administrative record, the injunctive relief granted (assuming the Court found for Plaintiff) would be nearly identical: a remand to the agency with the instruction that it could not rescind the procurement and potentially the contract award on *this* administrative record (or for the reasons stated in this administrative record) and/or that the agency could not award the sole source contract to GDIT on *this* administrative record (or for the reasons stated in this administrative record).  Thereafter, the agency would in effect have to "reconsider its decision to cancel the CTSS IV procurement," "reconsider the best path forward for the CTSS IV

procurement, and whether the CTSS IV solicitation serves the current needs and requirements of the Air Force," and "reconsider[] . . . the sole source bridge contract."  Def.'s Mot. Voluntary Remand at 4, 5.  But those are all things the agency is committing to do during the requested remand.

Although judgment on the administrative record in favor of Plaintiff would likely come with some form of injunctive relief, at the end of the day, other than the issuance of an injunction, all that would be added by taking that extra step now would be that the agency would have the Court's instructions on why, for instance, the reasons given in its initial cancellation decision were unreasonable or unsupported by the administrative record.  However, the agency would still be entitled to determine in a manner consistent with the Court's decision that, for example, it would be in its best interest to cancel the contract for the convenience of the government, *see* 48 C.F.R. § 49.101, or that the needs of the government have changed so much that an amendment would be required that is of such a character that cancelation is required, *see* 48 C.F.R. § 15.206(e).  Plaintiff could then protest those decisions, just as it can continue the instant protest if it so chooses after the remand concludes.  Simply put, if the result in this case is going to be similar regardless of whether the Court takes the intermediate step of granting judgment on the administrative record, the Court sees no need to deny the agency the opportunity to reconsider its initial decisions with the attendant possibility that the reconsideration resolves this protest saving not only the parties' resources but the Court's as well.  *See Parcel 49C Ltd. v. United States*, 31 F.3d 1147, 1154 (Fed. Cir. 1994) (noting that in affirming the trial court's injunction that "[t]he Government retains the power to proceed with its award process or to terminate the award process for any legal reason."); *Gear Wizzard, Inc. v. United States*, 99 Fed. Cl. 266, 277 (2011) (holding while the government cannot "cancel its way out of . . . illegal actions" that the agency still had discretion to lawfully terminate a request for quote); *Hirsch*, 2019 WL 4316880, at *2 (granting a motion to remand when return to the agency would be required to determine what relief the plaintiff was entitled to); RCFC 1 (noting that the rules of this Court "should be construed, administered, and employed by the Court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

For the reasons stated above, the Court finds that the government has articulated a substantial and legitimate concern sufficient to justify remand.  Moreover, independent of the rationale articulated in *SKF USA*, the Court cannot ignore the fact that denying a motion to remand is rare, *see Keltner*, 148 Fed. Cl. at 559 (noting that at that time there may be as few as two motions to remand that courts have denied), and that the Court has both extensive discretion in deciding whether to remand a case, *see SKF USA*, 254 F.3d at 1029, as well as the inherent power to do so *sua sponte*, *see* RCFC 52.2.  In addition, given the Court's previous observations regarding the administrative record, *see Trace Systems Inc.*, 2022 WL 2761051, this result is also consistent with Supreme Court guidance on this issue:

> [i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

6

*Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).  Thus, a remand will give the agency a chance to go back and reconsider its previous decisions and, in so doing, keep a record of "all the material that was *developed and considered* by the agency in making its decision." *Cubic Applications, Inc. v. United States*, 37 Fed. Cl. 339, 342 (1997) (citation omitted) (emphasis added); *see also Thompson v. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) ("The whole administrative record . . . consists of all documents and materials directly or indirectly considered by agency decision-makers," including "evidence contrary to the agency's position.") (emphasis omitted).

## CONCLUSION

For the reasons stated above, the Court orders the following:

1. The government's motion for remand is **GRANTED**.

2. On remand, DISA is **DIRECTED** to reconsider its decision to cancel the CTSS IV procurement, including any administrative actions related to that cancellation.  In particular, DISA is directed to:

    a. Reconsider its decision to cancel the CTSS IV procurement;

    b. Reconsider its decision to cancel the award of the CTSS IV contract to Plaintiff, to the extent that DISA decides not to cancel the CTSS IV procurement as a result of the reconsideration ordered herein;[1] and

    c. Reconsider its decision to award a sole source bridge contract to Defendant-Intervenor, including an examination of the allegations presented in the Second Amended Complaint regarding bias or ethical violations related to the award of the bridge contract.

---

[1] The government asserts in its remand request that the decision to cancel the award to Plaintiff does not fall within this Court's bid protest jurisdiction because the claim must properly be brought under the Contract Disputes Act.  *See* Def.'s Reply at 4–5.  However, the agency's decision to cancel the procurement and award of the contract appears to bind together the two cancellations, *see* ECF No. 19-1 at 3 ("The Government's initial award to Trace was tainted by the flaws present in the RFP"), as does the government's brief in response to the motion to compel, *see* ECF No. 54 at 14 (noting that "the decision to cancel the solicitation, from which the termination for convenience flows").  What is more, Plaintiff appears to make a nonfrivolous allegation that its claim related to the cancellation of the award does fall within the Court's bid protest jurisdiction, and the government—despite more than 60 days having elapsed since the complaint was filed and without any motions for judgment on the administrative record being filed—has neither filed an answer nor moved to dismiss any portion of the complaint.  Accordingly, because there appears to be a nonfrivolous allegation that the claim falls within the Court's jurisdiction, the government requested this remand prior to filing a dispositive motion, and the government has not argued in either an answer or a motion to dismiss that jurisdiction is lacking, the agency shall additionally reconsider its cancellation of the CTSS IV award to Plaintiff if the agency decides not to cancel the procurement on remand.

3. The remand is for a period of thirty-eight days, up to and including **September 2, 2022**. Although this remand period may be extended upon request, the Court does not anticipate significantly extending the remand period and will not extend the remand period except upon receipt of a motion that explains in detail where the agency stands in the remand process and the reasons an extension is needed.

4. This protest is hereby **STAYED** in the interim.

5. The government shall file a notice with the Court within **three business days** of the agency's decision(s) on remand.

6. The Clerk of the Court is directed to serve a certified copy of this remand order on:

   Defense Information Systems Agency
   Defense Information Technology Contracting Organization
   Scott Field Office (PL8)
   2300 East Drive
   Scott AFB, IL 62225-5406

7. Counsel for the government is also **DIRECTED** to ensure that DISA immediately receives a copy of this order to avoid any delays in DISA's consideration of this matter on remand.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge